UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILBUR L. PITTMAN,

Plaintiff,

v.

WARDEN, *et al.*,

Defendants.

Case No. 1:26-cv-06974-FJS (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED
(ECF No. 2)

FOURTEEN (14) DAY DEADLINE

Plaintiff Wilbur L. Pittman[1] ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 1, 2026, together with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

[1] Plaintiff currently proceeds in this action under CDCR number BW-6431. Plaintiff previously filed civil actions associated with the following CDCR numbers: F-64353; E-14716.

physical injury." The court takes judicial notice that Plaintiff has had at least three prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:[2]

1. *Pittman v. Graham*, 3:93-cv-01652-K (S.D. Cal.) (dismissed on October 25, 1993, for failure to state a claim);
2. *Pittman v. Pearson*, 5:08-cv-01770-UA-PLA (C.D. Cal.) (dismissed on December 12, 2008, as "legally and/or patently frivolous");
3. *Pittman v. Pearson*, 5:08-cv-01769-UA-PLA (C.D. Cal.) (dismissed on December 12, 2008, as "legally and/or patently frivolous");
4. *Pittman v. Frigo*, 5:08-cv-01752-UA-PLA (C.D. Cal.) (dismissed on December 12, 2008, as "legally and/or patently frivolous");
5. *Pittman v. Van Stralen, et al.*, 5:08-cv-01747-UA-PLA (C.D. Cal.) (dismissed on December 16, 2008, as "legally and/or patently frivolous");
6. *Pittman v. Pearson, et al.*, 5:08-cv-01842-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
7. *Pittman v. Comtimber, et al.*, 5:08-cv-01836-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
8. *Pittman v. Mercer, et al.*, 5:08-cv-01821-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
9. *Pittman v. Martel*, 5:08-cv-01830-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
10. *Pittman v. Kanndy, et al.*, 5:08-cv-01804-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
11. *Pittman v. Martel, et al.*, 5:08-cv-01792-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
12. *Pittman v. Martel*, 5:08-cv-01863-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
13. *Pittman v. Van Stralen, et al.*, 5:08-cv-01835-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
14. *Pittman v. Mercer*, 5:08-cv-01837-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
15. *Pittman v. Frigo*, 5:08-cv-01839-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
16. *Pittman v. Pearson*, 5:08-cv-01822-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
17. *Pittman v. Scott*, 5:08-cv-01818-UA-PLA (C.D. Cal.) (dismissed on December 23, 2008, as "legally and/or patently frivolous");
18. *Pittman v. Qunne*, 3:08-cv-02426-L-JMA (S.D. Cal.) (dismissed on January 12, 2009, as frivolous);
19. *Pittman v. Martel*, 5:09-cv-00010-AG-PLA (C.D. Cal.) (dismissed on January 13, 2009, as "legally and/or patently frivolous");

[2] The court also notes that, according to the Public Access to Court Electronic Records ("PACER") system, Plaintiff has filed at least 150 civil rights actions in the Central, Southern, and Eastern Districts of California since October 25, 1993.

20. *Pittman v. Martel*, 5:08-cv-01869-UA-PLA (C.D. Cal.) (dismissed on January 14, 2009, as "legally and/or patently frivolous");
21. *Pittman v. Martel*, 5:08-cv-01899-UA-PLA (C.D. Cal.) (dismissed on January 14, 2009, as "legally and/or patently frivolous");
22. *Pittman v. Pearson, et al.*, 5:08-cv-01883-UA-PLA (C.D. Cal.) (dismissed on January 14, 2009, as "legally and/or patently frivolous");
23. *Pittman v. Hall, et al.*, 5:09-cv-000117-UA-PLA (C.D. Cal.) (dismissed on January 21, 2009, as "legally and/or patently frivolous");
24. *Pittman v. Pearson, et al.*, 2:08-cv-02805-FCD-DAD (E.D. Cal.) (dismissed on May 22, 2009, for failure to state a claim);
25. *Pittman v. Blindzius*, 2:08-cv-02809-JAM-DAD (E.D. Cal.) (dismissed on June 24, 2009, for failure to state a claim);
26. *Pittman v. Pearson*, 2:08-cv-02813-LKK-DAD (E.D. Cal.) (dismissed on July 31, 2009, for failure to state a claim); and
27. *Pittman v. Martel, et al.*, 5:09-cv-01640-UA-PLA (C.D. Cal.) (dismissed on September 4, 2009, as "legally and/or patently frivolous").

Plaintiff was previously advised that he is subject to the "three strikes" limitation pursuant to 28 U.S.C. § 1915(g).[3]

The court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[4] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, which is more than thirty pages in length, Plaintiff sets forth various allegations that are largely unintelligible. (ECF No. 1.) As best as the court can decipher, Plaintiff alleges violations of his rights related to staff at Corcoran State Prison refusing to transfer him back to the Male Community Reentry Program in San Diego, California, theft or loss of his mail and property, and unspecified racial discrimination or prejudice by various named and unnamed correctional staff. (*See id.*)

Based on the allegations in the complaint, Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

---

[3] *See, e.g. Pittman v. Hajemann, et al.*, 3:26-cv-00141-TWR-JAC, 2026 WL 879486 (S.D. Cal. Mar. 31, 2026) (denying Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)).

[4] The court expresses no opinion on the merits of Plaintiff's claims.

Accordingly, the court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis, (ECF No. 2), be denied, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $405.00 initial filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 9, 2026**

UNITED STATES MAGISTRATE JUDGE